UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ERNEST WATKINS,

    Petitioner,

v.                                        Case No. 1:23cv268-AW-HTC

SECRETARY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Ernest Watkins, proceeding *pro se*, has filed this habeas action under 28 U.S.C. § 2241 challenging the Florida Department of Corrections' ("FDOC") calculation of gain-time credit. Doc. 7. Watkins also petitions the Court under 28 U.S.C. § 2254 to vacate his 130-year sentence, which he contends violates his due process and Sixth Amendment rights. Doc. 7. The Secretary has moved to dismiss Watkins' amended petition as untimely. Doc. 23. Having fully considered the amended petition, the motion to dismiss, Watkins' reply, Doc. 29, and the relevant law, the undersigned finds the motion to dismiss should be GRANTED and the amended petition DISMISSED without an evidentiary hearing.

Case No. 1:23cv268-AW-HTC

**I.   BACKGROUND**

On December 18, 1978, Watkins fired a shotgun at almost point-blank range into the face of a woman sitting in her car, "blowing away a substantial portion of her cheek and jaw."[1]  Doc. 24 at 26 & 38.  He then attempted to kill the passenger in the car, but his gun jammed.  *Id.* at 38.  The first woman survived but required multiple surgeries and suffered permanent and substantial physical and emotional injuries.  *Id.*

On February 22, 1980, he was found guilty by a jury in 1978 CF 2221 in Alachua County Circuit Court of attempted first-degree murder with a firearm, aggravated assault, and shooting into an occupied vehicle.  He was sentenced on March 10, 1980, to 100 years for attempted murder, 10 years for aggravated assault, and 30 years for shooting into an occupied vehicle.  *Id.* at 7-14.  The 10- and 30-year sentences were ordered to run concurrently with each other and consecutive to the 100-year sentence, for a total sentence of 130 years.

Over the years, Watkins has been considered for and awarded gain time, and a tentative release date -- assuming good behavior and maximum gain time.  *See* Fla. Stat. § 944.275.  Nonetheless, in Grounds One and Three of Watkins' petition, he claims the FDOC is wrongly calculating his gain time such that he should have been

---

[1] In his original petition, Watkins falsely claims, "even though a gun was fired the victim was damaged only by shattered glass."  Doc. 2 at 1.

Case No. 1:23cv268-AW-HTC

released in 2020. In Ground Two, Watkins challenges his prosecution and sentence as vindictive and violating his federal constitutional rights. Watkins, however, is not entitled to relief on any ground.

## II.   DISCUSSION

### A.   Grounds One and Three

As stated above, in Grounds One and Three,[2] Watkins argues the FDOC has miscalculated his gain time credit and that this error resulted in him being wrongly imprisoned since 2020. Doc. 7 at 3. Watkins is not entitled to federal habeas relief on these claims because they are untimely.

Pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a state prisoner's habeas petition must be filed within one-year of certain trigger dates.[3] For Grounds One and Three, the

---

[2] In the amended petition, Watkins titles Ground Three, "All Writ Habeas Corpus" and states, "It's an extraordinary writ that can come at any time when procedural law has been violated" and that "D.O.C. staff refuse to obey the law." Doc. 7 at 4. As does the Secretary, the undersigned interprets Ground Three as referring to the same gain time calculation error discussed in Ground One.

[3] The limitation period runs from the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

trigger date that applies is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, as discussed more below, Watkins knew the factual predicate for these claims i.e., the FDOC's method for calculation gain time credit, as early as September 2014, but did not file the present action until October 2023. Thus, the petition is untimely.

In September 2014, Watkins filed a petition for writ of mandamus with the Second Judicial Circuit Court in and for Leon County, complaining of the Secretary's calculation of gain time credit. Doc. 24 at 72. Specifically, Watkins was seeking judicial review of an administrative proceeding that resulted in the Secretary's "refusal" to administer gain time to his sentence. *Id.* at 73. As relief, Watkins sought to have the Secretary "perform its ministerial duty imposed by law by administering monthly gain time to his sentence." *Id.*

The Secretary responded to that petition on the merits and included in the response an affidavit from FDOC Bureau of Admission and Release Correctional Services Assistant Consultant Linda Santana detailing Watkins' gain time and stating that his release date was December 11, 2043. *Id.* at 89-91. On May 21, 2015, the circuit court denied the petition. Doc. 24 at 93. The method the Secretary used to calculate Watkins' gain time credit then is the same method being applied today and the one Watkins challenges in the instant amended petition. Thus, Watkins

knew of the factual predicate for his claims and had a chance to exhaust them by, at the latest, May 2015. *See Robinson v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 3854024, at *3 (11th Cir. Mar. 29, 2018) (Robinson's one-year limitations period began in 1996 when he should have discovered that "the DOC incorrectly calculated his sentence and gain time"; thus, "an administrative grievance in 2012 challenging his pre-1996 gain time calculation . . . was well after the limitations period expired."). Watkins had one year after this date to file his federal petition on this issue, unless the period was tolled by properly filed state postconviction motions. He did not file the instant federal petition until October 2023. Moreover, a review of the dockets for Watkins' state cases shows there were no pending post-conviction motions or appeals from July 15, 2019, to July 23, 2020. Thus, any unexpired AEDPA time that may have existed would have expired during that period.[4]

Moreover, even if not untimely, Watkins is nonetheless not entitled to relief on Grounds One and Three because Watkins' claim that the state improperly

---

[4] In February 2021, after the one-year limitations period had already expired, Watkins filed another unsuccessful petition for writ of habeas corpus, this time with the Seventh Judicial Circuit in and for Volusia County, once again challenging the Secretary's calculation of gain-time credit. Doc. 24 at 99. Watkins appealed the denial of the motion to the Fifth District Court of Appeals, *id.* at 129, which affirmed per curiam on January 11, 2022, *id.* at 169. The Secretary argues Watkins' petition is untimely because this petition is the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. The Secretary does not explain why he relies on the 2021, rather than the 2014, petition as the "trigger" date. The Secretary does note the date could have been earlier: "It could be argued that Petitioner had the factual predicate for his claim when he received a monthly gain-time notice, or after he exhausted his administrative remedies, since exhaustion of administrative remedies is a prerequisite to filing a petition in circuit court." Doc. 23 at 8-9.

Case No. 1:23cv268-AW-HTC

interpreted and applied its gain-time statute is not based on federal law and, thus, is not cognizable on federal habeas review. *See Pollock v. Sec'y, Fla. Dep't of Corr.,* 349 F. App'x 383, 385 (11th Cir. 2009) (citing *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 480 (1991)) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

### B.   Ground Two:  Watkins was subjected to vindictive prosecution and sentencing for exercising his constitutional right to trial

In Ground Two, Watkins challenges his conviction and sentence, arguing that he was prosecuted and sentenced vindictively because he rejected a plea offer and exercised his right to go to trial. Doc. 7 at 3. Although this claim seeks relief under 28 U.S.C. § 2254 (rather than § 2241), it is nonetheless untimely.

As stated above, different dates trigger the one-year statute of limitations period set forth in the AEDPA. For purposes of Ground Two,[5] the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As stated above, Watkins was sentenced on March 10, 1980, to 130 years in prison.[6] He filed a direct appeal to the First District Court of Appeals,

---

[5] The "federal statute of limitations requires a claim-by-claim approach to determine timeliness." *Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013). Therefore, a different trigger date applies to Ground Two than to Grounds One and Three.

[6] Watkins was also sentenced on January 22, 1981, to 15 years imprisonment for being a felon in possession of a firearm in 1975 CF 283. Doc. 24 at 21 & 62. The judge ordered the sentence to run consecutive to the sentence in 1978 CF 2221. *Id.* In 1992, the fifteen-year sentence was

which per curiam affirmed on December 5, 1980. *See Watkins v. State,* 392 So. 2d 74 (Fla. 1st DCA 1980). Thus, Watkins' conviction became final on March 5, 1981, ninety days later. *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires). *However*, because the AEDPA had not yet been enacted when Watkins' judgment became final, he had one year *after* the AEDPA's effective date of April 24, 1996 – until April 24, 1997 – to file a federal habeas petition, unless the time was tolled. *See Wilcox v. Fla. Dep't of Corr.,* 158 F.3d 1209 (11th Cir. 1998). The AEDPA deadline may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2).

According to the Secretary, because of a motion to correct illegal sentence filed in 1997, and a subsequent appeal, Watkins' judgment did not become final until March 17, 1998. Doc. 23 at 16-17. The AEDPA clock, according to the Secretary, ran for 322 days and was tolled again on February 3, 1999, by additional post-conviction motions, which remained pending until March 27, 2000. *Id.* at 17-18. At that time, Watkins had only 43 days left on the AEDPA clock, and he let that time

---

reduced to five years, thus, Watkins' total sentence before gain time was 135 years. Watkins does not challenge this judgment and conviction.

Case No. 1:23cv268-AW-HTC

run because he did not file another post-conviction motion until 52 days later. *Id.* at 18.

The Court, however, need not engage in that same analysis to conclude Ground Two is untimely.[7] As noted above, a review of the dockets for Watkins' criminal cases shows that there were no pending post-conviction motions or appeals from July 15, 2019, to July 23, 2020. Thus, any unexpired AEDPA time that may have existed would have expired during that period.

### III. CONCLUSION

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because claims in the petition are untimely, an evidentiary hearing is not warranted.

Also, a certificate of appealability should also be denied. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

---

[7] Because Watkins filed motions in Alachua, Leon and Volusia Counties, as well as appeals in the First and Fifth DCA, it is difficult to identify all pending motions or appeals which may have tolled the AEDPA clock. Also, because the 1997 judgment was executed "nunc pro tunc" it would not have restarted the AEDPA clock, as the Secretary seems to suggest. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1266 (11th Cir. 2020) ("In light of the trial court's nunc pro tunc designation when issuing Osbourne's amended sentence, the date of Osbourne's sentences and conviction remained April 21, 2003.").

Case No. 1:23cv268-AW-HTC

"[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss, Doc. 23, be GRANTED.

2. That the Amended Petition, Doc. 2, be DISMISSED as untimely.

3. That a Certificate of Appealability be DENIED.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 6th day of August, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 1:23cv268-AW-HTC